IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**GRANT LONG**                                                                                   **PLAINTIFF**

VS.                                **CASE NO. 2:19-CV-00061-LPR**

**DARREN D. SMITH, SR., individually and
And in his official capacity as A POLICE OFFICER
FOR THE CITY OF FORREST CITY, ARKANSAS, et al.**        **DEFENDANTS**

### BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Comes now plaintiff, Grant Long, by and through counsel and for his brief in support of his response to defendants' motion for summary judgment, states as follows:

SUMMARY JUDGMENT STANDARD

For the court to grant summary judgment, it must find that the movant has shown that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ P. 56. When making this determination, the court "must view all evidence in the light most favorable to the party opposing the motion." Herring v. Canada Life Assur. Co., 207 F.3d 1026 (8th Cir. 2000). The opponent must respond "to a properly supported summary judgment motion" by showing more than a "metaphysical doubt as to the material facts." Id. at 1029. Further, "[t]he opponent must come forward with specific facts showing that there is a genuine issue for trial. Id. "A genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 401 (8th Cir. 1995).

I.  PLAINTIFF WAS SEIZED WITHIN THE CONSTITUTIONALLY RECOGNIZED SENSE AS CONTEMPLATED BY THE FOURTH AMENDMENT.

After being served with a citation to appear in district court, plaintiff was officially under the power of the court. While on pretrial release, certain liberties are surrendered. Pretrial incarceration is merely a more restrictive measure to assure the attendance of an accused. A person's release pending trial does not release them from the court's authority to compel their attendance and issue a warrant for their failure to comply. Moreover, there are ancillary problems associated with being accused of a crime. Pending prosecution, an accused's employment prospects may be diminished severely, he may suffer reputational harm, and he will experience the financial and emotional strain of preparing a defense. Albright v. Oliver, 510 U.S. 266, 278 (1994). All of these have specifically occurred to plaintiff in this case. While a defendant in pretrial incarceration suffers greater burdens, it does not mean a defendant released pending trial is not seized in the constitutionally relevant sense. Id. Such a defendant is scarcely at liberty; he remains apprehended, arrested in his movements, indeed "seized" for trial, so long as he is bound to appear in court and answer the state's charges. Id. at 279.

The service in this case is no different than plaintiff hiring counsel and that counsel surrendering him in person in court, which is not uncommon. Counsel could accept service on behalf of the client or service could have been waived by counsel. The process of service should not serve as absolution of an officer's misdeeds. Especially when the accused is without question under the control of the court once the warrant has been served.

Furthermore, the issue of seizure is of no consequence to plaintiff's claims of retaliatory prosecution, malicious prosecution, and abuse of process. Regardless of how the warrant was served, the fact that it was issued and plaintiff was tried are sufficient to establish a violation of plaintiff's constitutional rights. Also, the service of the warrant is inconsequential to the allegation

that Smith initiated and perverted the criminal process by knowingly lying in a sworn affidavit. To the extent seizure is required for plaintiff's claims, he was seized.

   II.    PROBABLE CAUSE DID NOT EXIST TO ARREST OR PROSECUTE PLAINTIFF.

Defendants argue that despite the falsehoods and conclusory allegations contained in Smith's affidavit, there remains sufficient articulable facts that establish probable cause. Defendants seemingly concede that Smith knowingly and intentionally made false statements as to the theft-by-receiving claim. In his affidavit, Smith stated under oath that

> Mr. Grant Long sought the document by a Freedom of Information Act Request; however said request was denied due to the record being classified as a personnel record as defined in the statu[t]e. Said document did not formulate the basis for a suspension or demotion and therefore could not be released because it was determined to be an unwarranted invasion of the privacy of Darren Smith.
>
> Subsequently Grant Long conspired with others to steal the document.

Defendants' Exhibit No. 10, page 2.

Those averments were untrue at the time Smith swore them, and Smith knew that they were untrue. Chief Deon Lee testified that Smith had discussed filing charges against plaintiff, and Chief Lee advised Smith that he or his secretary could have accidentally given that information to plaintiff. Chief Lee made clear that he told Smith this prior to him requesting the warrant. Depo. of Deon Lee, pg 26. Despite that information, Smith made the above false allegations.

Defendants ask the court to absolve Smith of his intentional sworn falsehoods by finding probable cause existed for the offenses of harassing communications and harassment. However, that is not the complete inquiry. "Where the judicial finding of probable cause is based solely on information the officer knew to be false or would have known was false had he not recklessly disregarded the truth, not only does the arrest violate the fourth amendment, but the officer will not be entitled to good faith immunity." Small v. McCrystal, 708 F.3d 997, 1006 (8th Cir. 2013).

Addressing the harassing communications and harassment allegations, Smith also deliberately lied and showed reckless disregard for the truth. Plaintiff posted a video and a document on a public forum, neither was modified or editorialized by plaintiff. Contrary to Smith's affidavit, nothing plaintiff posted was false. Yet, in the affidavit, Smith swore that

> Grant Long has continually made false statements about Darren Smith on a public for[u]m on Facebook; Let's Talk Forrest City. He has accused me falsely of letting a drunk driver continue to operate a motor vehicle after having conducted tests that show the driver was intoxicated. On the Same forum he also accused me of destroying evidence related to such. Mr. Long knew when he posted such that he was posting falsehoods and that the information he was providing was not true.

Defendants' Exhibit No. 10, page 2. In reality, plaintiff posted a video of a traffic stop that he received from another police officer with the Forrest City Police Department. That traffic stop was conducted in public and was recorded with a body-worn camera that was purchased by the city. Nothing about the video shields it from public dissemination. There is no allegation that the video was altered or manipulated in any way. The post was titled "Smith Lets A Dirty DWI Driver Go." Defendants' Exhibit No. 5. Plaintiff did not accuse Smith of "letting a drunk driver continue to operate a motor vehicle" as sworn in his affidavit. Plaintiff simply recited Smith's own words during the traffic stop. At the conclusion of the traffic stop in question, Smith tells the driver "you know I catch you **dirty** again, what time it is, don't you?" Defendant's Exhibit No. 6 at 3:31:53 (emphasis added). Smith can then be seen removing his body-worn camera and that of another officer.

When the affidavit is stricken of the known falsehoods and conclusory allegations, the following facts remain

> Monday, March 26, 2018, at approximately 11:11 PM, Grant Long posted a document related to a personnel matter at the Forrest City Police department referencing the opinion of a former disgruntled employee regarding Darren Smith. Mr. Grant Long sought the document by a Freedom of Information Act request.

> On January 8, 2018, Grant Long filed a complaint in the federal court system, case #2:2018cv00005. This complaint has not been properly served on the listed defendants, and in some cases the defendant is deceased. Attached to the complaint was the aforementioned document, thus proving Grant Long is in possession [of the document.]
>
> Mr. Long had full knowledge that I am a Forrest City Police Office[r] at the time of the posts and posted the items.

Defendants' Exhibit No. 10, pgs 2-3. Such an affidavit fails to establish probable cause for any offense, and it merely supports plaintiff's retaliation claim. As Smith's intentional false statements clearly violate the Fourth Amendment, defendants' summary judgment motion must fail. Additionally, when the affidavit is stripped of Smith's statements, probable cause does not exist as to any offense.

Even if Smith's affidavit is analyzed liberally, keeping facts that were alleged with reckless disregard for the truth, it fails to establish probable cause of harassing communications or harassment. Harassing communications requires that the harasser communicate with another person with the purpose to harass, annoy, or alarm that person. As set out in the Arkansas Model Jury Instructions Criminal, first the defendant has to telephone, telegraph, communicate by mail, email, or have written or electronic communication a person in a manner likely to harass, annoy, or cause alarm. Second, the defendant's communication must be with the purpose to harass, annoy, or alarm. AMCI 2d 7106.

Smith does not include any facts to support a conclusion that plaintiff communicated with Smith. While he alleges that plaintiff posted these things on a public Facebook forum, the affidavit is devoid of any factual allegations that Smith was member of the forum, that he saw the post, that plaintiff knew Smith was a member of that forum, or that another member of the forum would deliver the substance of the posts to Smith. Without facts of some nexus between plaintiff's post and Smith, there can be no harassment or harassing communications. No facts were asserted that

established such a connection. Finding out that a person said something that annoyed you is not a criminal offense.

III. PLAINTIFF'S ABUSE OF PROCESS CLAIM SHOULD NOT BE DISMISSED.

Smith both initiated the prosecution of plaintiff and perverted the continued prosecution for the purpose of chilling plaintiff's First Amendment right to free speech. The affidavit that Smith submitted was based solely on information that he knew to be false. After lying in his affidavit for arrest, Smith actively assisted in the prosecution for the purpose of chilling plaintiff's First Amendment right of free speech.

Defendants contend that Smith's actions end at the falsified affidavit. However, that is not true. Smith did not advise the prosecuting attorney that he lied in his affidavit. Furthermore, Smith appeared and testified to the facts in his affidavit. Smith knew when he drafted the affidavit that the allegations were untrue, and he continued the charade for months. Smith perpetuated the falsehoods until a district court dismissed the charges.

IV. OFFICER SMITH IS NOT ENTITLED TO QUALIFIED IMMUNITY.

A defendant is entitled to qualified immunity only if their conduct did not violate clearly established rights that a reasonable person would have known. Babgy v. Brondhaver, 98 F.3d 1096 (8th Cir. 1996). While this makes allowance for mistakes, the doctrine "does not protect the plainly incompetent or those who knowingly violate the law." Id. Deliberating falsifying information or recklessly disregarding the truth in a warrant violates the Fourth Amendment, and it subjects the official to § 1983 liability. Id.; see also Ludwig v. Anderson, 54 F.3d 465 (8th Cir. 1995); Burk v. Beene, 948 F.2d 489 (8th Cir. 1991).

However, "[m]ere allegations of deliberate or reckless falsehoods are insufficient." Schaffer v. Beringer, 842 F.3d 585 (8th Cir. 2016) (internal citations omitted). "It is clearly

established that the Fourth Amendment requires a truthful factual showing sufficient to constitute probable cause before an arrest warrant can issue." Moody v. St. Charles County, 23 F.3d 1410 (8th Cir. 1994). "[T]he Fourth Amendment requires a warrant application to contain a truthful factual showing of probable cause. A warrant based upon an affidavit containing deliberate falsehood or reckless disregard for the truth violates the Fourth Amendment." Small v. McCrystal, 708 F.3d 997 (8th Cir. 2013) (internal citation omitted).

There is no colorable argument that the violations alleged by plaintiff are not clearly established rights.  There is no question that an officer deliberately lying in an affidavit for arrest or search is a violation of the Fourth Amendment. Furthermore, here plaintiff has produced more than mere allegations. The testimony of Chief Lee clearly refutes Smith's sworn statements and creates a substantial fact question. While the law is clear that a deliberate falsehood as a basis for a warrant of arrest or search clearly violates the Fourth Amendment, whether Smith deliberately lied is an issue to be determined by a jury.

Smith retaliated against plaintiff for exercising speech that is protected by the First Amendment. Filing a lawsuit and posting legally obtained true information on a public forum are protected speech. Smith's primary motivation was to stop plaintiff from exercising his First Amendment right, as evidenced by Smith's affidavit and testimony. One of the few true statements in the affidavit was regarding plaintiff's lawsuit that had been filed against Smith. It is unclear why that was included in an affidavit alleging misconduct, but it serves as evidence that Smith was motivated by such.

Furthermore, Smith admitted to following the previous lawsuit that plaintiff filed, even though he was never served with the complaint. Depo Darren Smith, pg 39. While his recollection does not comport with the truth, Smith testified that he did not "know when Grant Long filed a

lawsuit against me, and I've never been served with a Grant – a lawsuit besides this one from Grant Long." Id. Smith further testified that although he never received a copy of the lawsuit, he did have a copy of the judge's opinion, and he received that prior to drafting his affidavit for the arrest of plaintiff. Id. at 39-40. He testified that the opinion was "[t]hat it was a bunch of fabrications, unsubstantiated. Grant Long didn't have standing. A tremendous amount of things. But that's typical Grant Long." Id. at 39. Nothing in the Magistrate's Proposed Findings and Recommendations or the District Judge's order adopting those findings indicated that the lawsuit was dismissed for lack of standing, fabrications, or that it was unsubstantiated. 2:18-cv-00005-JLW, Doc. 5, 6, and 7.

"[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." Hartman v. Moore, 547 U.S. 250, 256 (2006). "To prevail on a First Amendment retaliation claim, the plaintiffs must show that they engaged in protected activity, that the defendants' actions caused an injury to the plaintiffs that would chill a person of ordinary firmness from continuing to engage in the activity, and that a causal connection exists between the retaliatory animus and the injury." Bernini, 665 F.3d at 1007. "Retaliation need not have been the sole motive, but it must have been a 'substantial factor' in those decisions." Kilpatrick v. King, 499 F.3d 759, 767 (8th Cir. 2007). "[A] retaliatory motive on the part of an official urging prosecution combined with an absence of probable cause supporting the prosecutor's decision to go forward are reasonable grounds to suspend the presumption of regularity behind the charging decision." Hartman, 547 U.S. at 265.

Defendants claim that because a judge issued a warrant for harassment and harassing communications, plaintiff's claim that probable cause did not exist is foreclosed. This is wrong. A

judge issuing a warrant does not completely immunize defendants. "Where the judicial finding of probable cause is based solely on information the officer knew to be false or would have known was false had he not recklessly disregarded the truth, not only does the arrest violate the Fourth Amendment, but the officer will note be entitled to good faith immunity." Small v. McCrystal, 708 F.3d 997, 1006 (8th Cir. 2013).

V.  DEFENDANT FORREST CITY IS NOT ENTITLED TO SUMMARY JUDGMENT.

The City of Forrest City failed to properly supervise or train Smith. The City displayed a deliberate indifference toward the rights of its citizens by allowing Smith to continue policing. The City had been previously made aware of Smith's unconstitutional acts and had failed to remedy them. For a city to be liable under a failure to train or supervise theory, plaintiff must show that the city acted with deliberate indifference or tacit authorization of the offensive acts. Perkins v. Hastings, 915 F.3d 512, 523 (8th Cir. 2019).

Smith had been the subject of multiple investigations during his time with the City. Relevant to the present lawsuit are include: Smith used excessive force against a juvenile; Smith threatened to kill a fellow officer; and Smith entered a citizen's home without probable cause. **Plaintiff's Exhibit Nos. 3 and 4**. To comport with constitutionally required supervision and training, the City should have either terminated Smith's employment or required he attend further training. It did neither, allowing defendant to violate plaintiff's constitutional rights. The City had credible evidence that Smith had threatened to kill another officer. In keeping Smith, the City accepted the opinion of Smith's pastor that Smith was of "sound mind" and did "not pose a threat of harming anyone." **Plaintiff's Exhibit No. 4**. The City took no further measures to protect its citizens from Smith. It displayed deliberate indifference towards the safety and freedom of it

citizens. Thus, a fact question clearly exists as to that deliberate indifference. Plaintiff has provided proof of the City's failures, not just hollow accusations.

VI. CONCLUSION

Plaintiff respectfully requests that the court deny defendants' motion for summary judgment and for all other relief to which he is entitled.

Respectfully submitted,


Robby Golden, AR Bar No. 2003134
3700 Cantrell Road, Suite 102
Little Rock, Arkansas 72202
(501) 372-8600
(888) 830-6252 *facsimile*
Attorney.robby.golden@gmail.com

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I, Robby Golden, hereby certify that this Motion was filed using the CM/ECF and serves as notice to all parties on July 23, 2021:

Sara Monaghan
SARA MONAGHAN
ABA # 2005276
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6122
FACSIMILE: 501-537-7262
EMAIL: smonaghan@arml.org

M. Keith Wren
WREN LAW FIRM
11300 Executive Ctr. Drive, Ste. A
Little Rock, AR 72211
TELEPHONE: 501-223-0025
FACSIMILE: 501-223-5309
EMAIL: mkwren@wrenlawfirm.com


Robert M."Robby" Golden, No. 2003134
3700 Cantrell Road, Suite 102
Little Rock, Arkansas  72202
(501) 372-8600
(888) 830-6252
Attorney.robby.golden@gmail.com